# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON NAVARRO LUPERCIO,<br><br>           Plaintiff,<br><br>      v.<br><br>LOPEZ, *et al.*,<br><br>           Defendants. | Case No. 1:21-cv-01257-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR THE FAILURE TO STATE A COGNIZABLE CLAIM AND AS FRIVOLOUS<br><br> (ECF No. 14)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Ramon Navarro Lupercio ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. Plaintiff filed a first amended complaint without first waiting for screening of the original complaint. Plaintiff's first amended complaint, filed on August 31, 2021, is currently before the Court for screening. (Doc. 14.)

**I.      Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*

1

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. I*qbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff is currently housed at San Quentin State Prison. The events in the first amended complaint are alleged to have occurred during Plaintiff's criminal prosecution. Plaintiff names as defendants: (1) People of California, (2) Mark Lopez, Detective with the Visalia Police Department, (3) Grimes, Detective with the Visalia Police Department, (4) John P. Moran, Judge, (5) Darryl B. Ferguson, Judge, (6) Paul A. Vortmann, Judge, and (7) Phillip J. Cline, District Attorney. Plaintiff is alleging that the Detectives engaged in a conspiracy to manipulate evidence and falsify evidence. The Court is unable to decipher the complaint's allegations, but the basic premise is that fabricated evidence was used to convict him. The judges illegally convicted him and sentenced him. Plaintiff seeks immediate release from prison and compensatory damages.

## III. Plaintiff's Claims are Barred

Petitioner was convicted on April 25, 2003, following a jury trial in Tulare County Superior Court, of attempted murder with a firearm enhancement. The court sentenced him to serve a term in state prison of 32 years to life. See *Lupercio v. Gonzalez*, No. 1:08-CV-0012 LJO WMW (HC), 2008 WL 5156646, at *1 (E.D. Cal. Dec. 9, 2008), report and recommendation adopted, No. 1:08-CV-0012 LJO WMW (HC), 2009 WL 159392 (E.D. Cal. Jan. 22, 2009) (ruling on the federal habeas corpus petition.) Plaintiff filed a direct appeal of his conviction and on November 23, 2004, the California Court of Appeal, Fifth Appellate District ("Court of Appeal"), affirmed the judgment. *Id.* Petitioner filed a petition for review with the California Supreme

1  Court, which the court denied on February 2, 2005. *Id*.  Plaintiff filed a federal habeas corpus
2  petition on December 13, 2007, which was denied on January 22, 2009.  *Id.*

3    Plaintiff has filed at least four prior §1983 civil rights complaints against persons or
4  entities involved in his criminal conviction.  Each time, the complaints were dismissed as *Heck*
5  barred.  A § 1983 action for damages will not lie where "establishing the basis for the damages
6  claim necessarily demonstrates the invalidity of the conviction." *Heck v. Humphrey*, 512 U.S.
7  477, 481–482, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Plaintiff may not pursue a § 1983
8  damages for this claim until Plaintiff can prove "that the conviction or sentence has been reversed
9  on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to
10  make such determination, or called into question by a federal court's issuance of a writ of habeas
11  corpus." *Id.* at 487. *See Lupercio v. Visalia Police Department*, No. 1:10-cv-02314-AWI-GBC
12  (PC)  (Doc. 12) (E.D.Cal. May 5, 2011) (finding as *Heck* barred Plaintiff's challenge to allegedly
13  false statements that were given to the trial court that ultimately led to Plaintiff's conviction),
14  findings and recommendations adopted August 10, 2011; *Lupercio v. Visalia Police Dep't*, No.
15  1:13-CV-01028-LJO, 2013 WL 5375639, at *3 (E.D. Cal. Sept. 24, 2013) ("Specifically, the
16  Court noted that Plaintiff's complaint in this action was largely identical to the claims Plaintiff
17  attempted to raise in a prior action, *Lupercio v. Visalia Police Department*, case number 1:10–cv–
18  02314–AWI–GBC. Plaintiff's prior case was dismissed as barred by the *Heck* doctrine."),
19  findings and recommendations adopted October 31, 2013, aff'd, Case No. 13-17363 (9th Cir.
20  Sept. 25, 2014);  *Lupercio v. Visalia Police Dep't*, No. 1:18-CV-0036 LJO EPG, 2018 WL
21  2229210, at *2 (E.D. Cal. May 15, 2018) (his claim for damages arising from his criminal
22  conviction under § 1983 is barred by *Heck* and must be dismissed); *Lupercio v.Lopez*, No. 1:21-
23  cv-00240-DAD-BAM (E.D. Cal. September 22, 2021) (dismissed, with prejudice, due to
24  plaintiff's failure to state a cognizable claim and as frivolous pursuant to 28 U.S.C. § 1915(e)).
25    Other attempts by Plaintiff to challenge his conviction by §1983 have been rejected. See
26  *Luperio v. Heusdens*, No. 1:13-CV-00628-LJO, 2013 WL 3341026, at *3 (E.D. Cal. July 2, 2013)
27  (the Section 1983 claims against all Defendants are not cognizable because Defendants did not
28  act under the color of state law in representing Plaintiff in the underlying criminal action or the

subsequent appeal process.); *Lupercio v. Mendoza*, No. 1:21-CV-580-DAD-HBK, 2021 WL 2915053, at *1 (E.D. Cal. July 12, 2021), report and recommendation adopted, No. 1:21-CV-00580 DAD HBK, 2021 WL 3363527 (E.D. Cal. Aug. 3, 2021) (§1983 not available for Plaintiff to show that Mr. Mendoza provided false testimony in his underlying conviction.)

Plaintiff previously sought federal habeas relief in this Court with respect to the same conviction numerous, successive times. Thus, the Court need not address Plaintiff's "habeas corpus petition" (Doc. 14), because the instant petition is yet another "second or successive" petition under 28 U.S.C. § 2244(b). *See Lupercio v. Gonzalez*, No. 1:08-cv-00012-LJO-JLT (dismissed as untimely); *Lupercio v. Sherman*, No. 1:15-cv-00915-DAD-MJS (dismissed as successive); *Lupercio v. Sherman*, No. 1:15-cv-01834-DAD-MJS (same); *Lupercio v. Sherman,* No. 1:16-cv-00233-DAD-MJS (same); *Lupercio v. People of the State of California*, No. 1:20-cv-00925-DAD-JDP (same); *Lupercio v. Visalia Police Dep't*, No. 1:21-CV-00306 JLT HC, 2021 WL 949434, at *1 (E.D. Cal. Mar. 12, 2021), report and recommendation adopted, No. 1:21-CV-0306 DAD JLT(HC), 2021 WL 1611613 (E.D. Cal. Apr. 26, 2021) (same); *See McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009) (holding "dismissal of a first habeas petition for untimeliness presents a 'permanent and incurable' bar to federal review of the underlying claims," and thus renders subsequent petitions "second or successive"). Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file his successive petition. Therefore, this Court has no jurisdiction to consider Petitioner's renewed application for relief under 28 U.S.C. § 2254 and must dismiss the petition. *See Burton v. Stewart*, 549 U.S. 147, 157 (2007).

Based on the above, Plaintiff's claim for damages under § 1983 is barred by *Heck* and must be dismissed. Because Plaintiff cannot "demonstrate that [his] conviction or sentence has already been invalidated," *Heck*, 512 U.S. at 487, there is no way to cure this defect on amendment, and dismissal must be without leave to amend and with prejudice. The Court finds that Plaintiff's claims in this action are not capable of being cured by further leave to amend.

Finally, in light of Plaintiff's repeated filing of lawsuits attempting to challenge his conviction, and repeated dismissals of these actions as barred by *Heck*, the Court finds that this action also should be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e). *See Cato v. United*

4

*States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (duplicative lawsuits filed by a plaintiff proceeding in forma pauperis are subject to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e)) (citing *Denton v. Hernandez,* 504 U.S. 25, 33 (1992) (recognizing Congress's concern that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits")).

### IV.     Conclusion and Recommendation

As set forth above, the Court finds that Plaintiff's first amended complaint fails to state any cognizable claims, and that this action is frivolous. The Court further finds that Plaintiff's claims are not capable of being cured by granting further leave to amend.

Based upon the foregoing, it is HEREBY RECOMMENDED that Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to state a cognizable claim and as frivolous pursuant to 28 U.S.C. § 1915(e).

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 23, 2021**          /s/ *Barbara A. McAuliffe*          
                                         UNITED STATES MAGISTRATE JUDGE